Our last case for argument this morning is the United States v. Tam. Our first argument this morning is the United States v. Tam. Good morning, Your Honors. May it please the Court. I want to begin with a little personal note. I don't feel old, but my hearing is evidently getting a little old. I know this because my grandchildren throw toys at my head because the volume of the TV is so loud they can't hear and it hurts their ears. So if I'm looking peculiar at someone and can't hear what's being said, you'll know why. Mr. Steinbeck, before you even begin, let me just mention something, please. Because you raised an ineffective assistance of counsel claim. And, you know, we've held so really repeatedly that even meritorious ineffective assistance claims are likely to fail if raised on direct appeal because, of course, there's no opportunity for the development of evidence. Would you want to withdraw that claim now and preserve the opportunity for Mr. Tam to present it at a more proper time? Your Honor has anticipated me precisely looking at the government's argument and reviewing her argument. I think it's premature. I would ask the Court to allow us to withdraw it without prejudice. Here. Thank you. Thank you. Your Honors, the problem with this case is fundamental. The defendant was never asked questions critical to any fundamentally fair sentencing hearing. He was never asked if he read the pre-sentence report or the supplemental report, if he reviewed it personally, and if he looked at any and all of the items that were contained therein and found any errors. What are the answers to those questions? Did he read it? No, he did not read it. He never even saw it. I spoke with him. He didn't know what I was talking about. I described it to him. I know about these things for 45, 48 years. He couldn't understand what I was referring to, and it became painfully clear to me that this needed to be an issue raised. Why didn't you assert that in your brief? There's nothing in your brief that says that. The reason I did not do that is because I don't know how to resurrect a record where no one asks the question that needs to be asked. If I'm constrained to the record below, it's silent, and it's silent for the very reason that the court failed to ask the question. Well, we have a confession of error here from the government, that there was a failure on the part of the district judge to directly question the defendant about whether he had reviewed the pre-sentence, had done so with his attorney, and to ask him if he had any corrections or objections. But that just begs the question about what the answers to those questions would have been had they been posed to him. And you never stated in your brief that he did not read the pre-sentence, he did not review it with his counsel, and that he did have objections and corrections to make. And you did not identify any objections or corrections that he wishes to make were this case remanded. And so that's a failure on your part that makes the error harmless. And there's also a concern, which is that it conflicts with what his attorney said on the record, which was that he did review the pre-sentence with his client and that there were no objections other than the objections that were preserved in the sentencing memorandum. Precisely, he said on page four of the transcript, I have read those and I reviewed them with my client and I don't have any objections. Never once was the defendant brought into this, and since Your Honor is asking the questions, among the many, many other questions, other answers, there are these two. The defendant didn't just get replaced as suggested in the facts in the pre-sentence report. He voluntarily withdrew almost five years before this case was ever brought. That has something to do with the role in the offense reduction that was, in fact, preserved and argued. And my question goes to what objections does your client have to the pre-sentence? It's not in there, the pre-sentence report. I'm asking you now, does he have any objections to the pre-sentence that he would have raised at the time of sentencing with Judge Kendall had she asked him directly if he had reviewed it and had any corrections? One, he objected to the failure to include, and it's also not just what's in there but what's incomplete. The failure to include the mitigating circumstance that he wasn't replaced. He withdrew as a courier on his own volition, walked away for all the right reasons, and he didn't get into this, which is another factor which would have been important, at least under 3553A because of greed. It was desperation. I'm talking about corrections to the pre-sentence report, not what arguments he would have made on the 3553A factors. I'm talking about objections to the pre-sentence or errors in the pre-sentence because that's your argument that he wasn't directly asked about that. The pre-sentence report is incomplete, Your Honor. It fails to include those items, and part of the inquiry is not just whether it's accurate but whether it's complete. How is it that a court is expected to determine the accuracy of a pre-sentence report, which is the cornerstone of any federal sentencing, without asking the defendant himself if it's complete. It's not. In addition to that, there is a statement that he was a social drinker. Perhaps at the time he was asked that question by the probation officer, he was a social drinker. By the time he came to sentencing, he was a problem drinker, a trouble drinker, and it is important to have that correction made because not only— Okay, all of this is new at oral argument. None of this was in your brief. How am I supposed to bring into my brief things that aren't in the record below? How do I do that? You have to identify the ways in which the error that you're claiming is harmful, and you didn't do that. You just asserted error, and there's no discussion of how it harmed your client. Doesn't the Seven Serpents case that the government relies so heavily on, this Rodriguez-Luna case, talk about the fact that the failure to do this is nothing short of despicable or something that shouldn't ever be done? And what has happened here is the burden which Rule 32 places on a district judge to ask questions of the defendant, which is mandatory, must, not may, must, has been reversed now. And it's incumbent, according to what Your Honor is saying, what the government is asking, on the defendant to come forward with those things without ever having been asked. This is just ordinary harmless error review. There's nothing extraordinary going on here. I'm sorry? This is just ordinary harmless error review. There's no burden shifting going on here. There's nothing unjust about these questions. There's nothing unjust about saying that the defendant himself did not bring these up when he was never asked? No, I'm talking about how you briefed the case, counsel. You didn't tell us any of what you're telling us now in your brief. So all of these arguments that you're making now are waived. Well, I hope Your Honor will listen to them in the context of the fact that no sentencing should go forward, risking, as this case did, the prospect that many, many important facts were never known because of the simple expediency but mandatory nature of the inquiry which was failed to be made. And the fact that this can ever be regarded as simultaneously despicable and yet at the same time excusable befuddles me. And it's a dangerous precedent because every court will now say to themselves, I don't have to go into this. We can infer it. Would this panel say to me at a change of plea hearing under Rule 11, you don't have to ask the defendant if he's pleading voluntarily. I'll tell you he's pleading voluntarily. I spoke with him. I know him. So you don't have to go into that. Every sentencing judge would say, excuse me, Mr. Steinbeck, but that is a question I must ask the defendant directly. Is there something less important about a sentencing proceeding than a change of plea proceeding under Rule 11? Rule 32 is just as mandatory, requires just as much specificity, and the court failed to do so, and in failing to do so, gave rise to all the problems which Your Honors are now saying I've waived, but in fact there is no opportunity for me to have ever gotten into this problem without resurrecting a record that has already been complete long before I ever got into this case. I ask that this court carefully consider the danger in allowing this to continue and allowing any district court to just pass over a mandatory obligation to inquire not just of the defense attorney, but of the defendant himself to make sure the defense attorney didn't misunderstand what he was talking about with the defendant, or didn't misrepresent it. If not the first time it would have happened, I doubt it will be the last, and I can assure this court that the sentencing was predicated on incomplete and inaccurate factors, and I hope that the court will reverse and remand for the resentencing. Thank you. Thank you. Mr. Shi. Yes, good morning. May it please the court, my name is Jonathan Shi, representing the United States. This court should affirm Mr. Tam's sentence. With respect to the Rule 32 issue, the record below indicates, at least the record below prior to oral argument, indicates that the defendant did in fact have the opportunity to review and did in fact review the PSR, and that there were no unresolved sentencing issues that were not brought to the district court's attention. I think the best evidence that the defendant did review the PSR is the statement by his attorney indicating that I have reviewed both reports with my client and there are no factual changes. So his statement is not that, the defense attorney's statement is not that he himself reviewed it, but that he and his client, Mr. Tam, in fact reviewed the PSR. The defendant was present when that statement was made. This was an in-person sentencing in front of the district court, and the defendant did not contradict that statement or raise any concerns about that at the time. You know, Mr. Shi, the court at sentencing identified the factors for a minor participant adjustment, but the court never discusses the facts supporting each factor. Instead, merely rejecting it based on the facts as set forth by the government. Do you view that as a sufficient analysis? Thank you, Your Honor. Yes, I do. And I would point to the cases cited in our brief, in particular the Seventh Circuit case in Campuzano-Benitez, that the district court does not need to go through a checklist of each of the 3D1.2 factors and make an independent evaluation of each of those factors one by one. Instead, the court can take a holistic view of all the factors and make determinations whether the minor role reduction is appropriate in that particular case. And I would submit that in this case, the court properly weighed those factors and correctly determined that the defendant was not entitled to that minor role reduction. There is, you know, the defense has cited some Ninth Circuit cases as well regarding that particular issue, but even those cases recognize that there is no technical requirement for the district court to actually go through each of those individual factors. In addition, there is no indication in this case that the district court was unaware of the factors, and in fact, the district court laid those out during the sentencing hearing itself, and then weighing those factors, concluded that the defendant was not entitled to that minor role reduction. Thank you. Just briefly, Your Honors, returning to the Rule 32 issue, with respect to, I guess, two of the new issues that have been brought in oral argument today, you know, as Your Honors have pointed out, those arguments are waived at this point, but even if you were to consider the merits of them, you know, one of the key factors that the defense is pointing to is the failure to, I guess, object to the fact that the defendant voluntarily withdrew from the conspiracy. That was not a contested fact at the sentencing, and in fact, the defense attorney raised that as an issue in mitigation on pages 14 and 15 of the sentencing hearing transcript. And so, we would argue, the government would argue that any error committed by the district court in not specifically confirming with the defendant that he had reviewed the PSR is harmless, and that's consistent with Jared Giese and the other cases cited in that brief. And unless the court has any further questions, I would ask that you affirm Mr. Tam's sentence. Thank you. All right, thank you very much. Mr. Steinbeck, your time had expired, so we'll take the case under advisement, and that concludes the calendar for today. The court is in recess. Thank you.